UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| HUMBERTO LOZANO VALDOBINOS, | ) | CASE NO.   C07-0430-JCC |
| | ) | (CR04-145-JCC) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Humberto Lozano-Valdobinos is a federal prisoner who is currently incarcerated at the Taft Correctional Institution in Taft, California. He has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed upon him following his 2004 conviction on a federal charge of distributing heroin. Respondent has filed a response to petitioner's § 2255 motion. After careful consideration of petitioner's motion, the briefs of the parties, and the balance of the record, this Court concludes that petitioner's §2255 motion should be denied.

/ / /

REPORT AND RECOMMENDATION
PAGE -1

## BACKGROUND

On March 31, 2004, petitioner was indicted on one count of conspiracy to distribute over one kilogram of heroin and one count of distribution of over one kilogram of heroin. (CR04-145-JCC, Dkt. No. 21.) Convictions on these charges would have triggered a ten-year mandatory minimum sentence given the quantity of drugs involved. *See* 21 U.S.C. § 841(b)(1)(A).

On June 29, 2004, the government filed a superseding felony information charging petitioner with distribution of more than one-hundred grams of heroin. (*Id.*, Dkt. No. 57.) This reduced charge carried with it only a five-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B). On July 2, 2004, petitioner entered a plea of guilty to the charge set forth in the superseding information. (*Id.*, Dkt. No. 62.) Petitioner entered his plea pursuant to a plea agreement. (*See id.*, Dkt. No. 61.) Petitioner admitted in his plea agreement that he knowingly distributed 248.3 grams of heroin on March 5, 2004, and 996.8 grams of heroin on March 10, 2004. (*Id.*, Dkt. No. 61 at 4.) He also admitted that, during a consensual search of his home, law enforcement recovered an additional 50 grams of heroin and 11.1 grams of cocaine. (*Id.*) Finally, petitioner admitted that though he was pleading guilty to only the amount of heroin delivered on March 10, 2004, all of the drug amounts identified in the plea agreement "should be included as relevant conduct for sentencing purposes." (*Id.*)

The parties agreed, for purposes of the sentencing guideline calculation, that petitioner had a base offense level of 32 and that he should receive three points for acceptance of responsibility. (*See id.*, Dkt. Nos. 84 and 87.) Petitioner's total offense level was therefore 29. (*See id.*) Petitioner's criminal history category was determined to be III, based upon two prior misdemeanor convictions, which resulted in a sentencing range of 108-135 months. (*Id.*)

01   At sentencing, petitioner argued that his criminal history was overstated and he asked the
02 court to depart downward to a criminal history category I which would result in a sentencing
03 range of 87-108 months. (*Id.*, Dkt. No. 130 at 5.) The court agreed that petitioner's criminal
04 history category was overstated, but declined to reduce it to category I. (CR04-145-JCC, Dkt.
05 No. 130 at 5.) The court found that category II was more appropriate which resulted in a
06 sentencing range of 97 to 121 months. (*Id.*) The court imposed a total period of confinement of
07 97 months. (*Id.*) Following imposition of sentence, petitioner was advised of his right to appeal
08 his sentence and of the time period within which any such appeal would have to be filed. (*Id.*, Dkt.
09 No. 130 at 5-6.)

10   Petitioner elected to appeal his sentence. He argued on appeal that he was sentenced
11 under a mandatory guideline scheme which the United States Supreme Court concluded was
12 unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v.*
13 *Valdobinos*, Opening Brief for Appellant, 2005 WL 1789498 (9th Cir.). On October 21, 2005,
14 the Court of Appeals granted a limited remand pursuant to *United States v. Ameline*, 409 F.3d
15 1073 (9th Cir. 2005) (en banc) and *United States v. Moreno-Hernandez*, 419 F.3d 906, 916 (9th
16 Cir. 2005) (extending *Ameline's* limited remand procedure to cases involving non-constitutional
17 *Booker* error). *See United States v. Valdobinos*, 146 Fed.Appx. 908 (9th Cir. 2005).

18   Upon remand, the parties were granted an opportunity to submit supplemental pleadings
19 "addressing the sole question of whether the Court's sentencing decision would have been
20 'materially different' had the Court known that the Sentencing Guidelines were advisory." (CR04-
21 145-JCC, Dkt. No. 155.) On March 9, 2006, the sentencing court entered an order denying
22 petitioner's request to be re-sentenced. (*Id.*, Dkt. No. 165.)

01   On March 10, 2006, petitioner's attorney mailed petitioner a copy of the court's order

02 together with a letter in which counsel briefly explained the court's ruling. (Dkt. No. 1 at 14.)

03 The letter made no mention of any right to appeal. (*Id*.) On August 28, 2006, petitioner filed *pro*

04 *se*, a notice of appeal of the order denying his request for re-sentencing. (CR04-145-JCC, Dkt.

05 No. 166.) It appears that that appeal was dismissed as untimely. (*See id*., Dkt. No. 170.)

06   Petitioner now seeks to vacate his sentence under § 2255. Petitioner asserts three grounds

07 for relief in his §2255 motion: (1) petitioner was denied the effective assistance of counsel when

08 counsel failed to file a timely notice of appeal subsequent to the sentencing court's denial of his

09 request for re-sentencing; (2) the district court failed to apply the correct standard of

10 reasonableness upon remand; and, (3) petitioner was denied his right to appeal when the district

11 court failed to advise him that he had the right to appeal its denial of his request for re-sentencing.

12 (Dkt. No. 1 at 4-5 and 7.) The government has filed an answer to petitioner's motion. (Dkt. No.

13 12.) While the government addresses only the first of petitioner's three grounds for relief in its

14 answer, the Court nonetheless deems the briefing complete. This matter is therefore ripe for

15 review.

16                                          DISCUSSION

17                            Ground One:  Ineffective Assistance of Counsel

18   Petitioner asserts in his first ground for relief that his counsel rendered ineffective

19 assistance when he failed to file a timely notice of appeal of the court's March 9, 2006, order

20 denying petitioner's request for re-sentencing. In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the

21 United States Supreme Court held that the proper standard for evaluating claims that counsel was

22 constitutionally ineffective for failing to file a notice of appeal is the standard set forth in

*Strickland v. Washington,* 466 U.S. 668 (1984).[1] *Flores-Ortega* instructs that, when evaluating claims that counsel was constitutionally ineffective for failing to file a notice of appeal, the reviewing court must first consider whether counsel, in fact, consulted with the defendant about an appeal. The Supreme Court explained that it intended the word "consult," in this context, to mean "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover defendant's wishes." *Flores-Ortega*, 528 U.S. at 478.

It appears from the record that counsel's only communication with petitioner regarding the court's March 9, 2006, order was the brief letter sent to petitioner on March 10, 2006, with the copy of the order. ( *See* Dkt. No. 12-2 at 1-2.) That letter contained no reference to petitioner's appeal rights. ( *See id*.) In a declaration submitted in conjunction with the government's answer to petitioner's § 2255 motion, petitioner's counsel states that he does not recall any other communication with petitioner regarding the March 9, 2006, order aside from that letter. (*See* Dkt. No. 12-2 at 2.) Counsel further states that it is likely he did not specifically discuss with petitioner an appeal of that Order. (*Id*.) On this record, it is reasonable to conclude that counsel did not consult with petitioner about the filing of an appeal of the court's order denying his request for re-sentencing.

However, this conclusion does not end the Court's inquiry. In *Flores-Ortega*, the Supreme Court rejected "a bright–line rule that counsel must always consult with the defendant regarding an appeal." The Court held instead that

---

[1] Under *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and, (2) that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 688, 691-92

REPORT AND RECOMMENDATION
PAGE -5

> [C]ounsel has a constitutionally imposed duty to consult with the defendant when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Flores-Ortega*, 528 U.S. at 480.

Nothing in the record before this Court suggests that a rational defendant would have wanted to appeal in the circumstances presented here as there appear to be no non-frivolous grounds for an appeal. Petitioner's case was remanded to the district court for the limited purpose of determining whether the original sentencing decision would have been materially different had the sentencing court known that the sentencing guidelines were advisory. The court obtained briefing from the parties on this question and thereafter issued an Order in which it evaluated the record in light of the factors set forth in 18 U.S.C. § 3553(a) and concluded that the original sentence of 97 months was "reasonable, as well as 'sufficient, but not greater than necessary' to meet the dictates of § 3553." (CR4-145-JCC, Dkt. No. 165 at 3.)

The grounds upon which such a decision may be reviewed are extremely limited. In *United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir. 2006), the Ninth Circuit held that the appropriate standard for the Court of Appeals to apply in reviewing a district court's determination, following a limited *Ameline* remand, that it would have imposed the same sentence is "[w]hether the district judge properly understood the full scope of his discretion in a post-*Booker* world."

The record of the proceedings on remand reflects that the court understood its authority to impose a non-Guidelines sentence and clearly stated that the sentence imposed would not have been materially different had the court known at the time of petitioner's sentencing that the

REPORT AND RECOMMENDATION
PAGE -6

01 Sentencing Guidelines were advisory. Given that the court apparently understood the full scope

02 of its discretion, the decision to stand by the original sentence was reasonable and therefore does

03 not qualify as a non-frivolous ground for appeal. *See Combs*, 470 F.3d at 1297.

04       This Court further notes that nothing in the record establishes that petitioner demonstrated

05 to counsel any interest in appealing the court's order denying his request for re-sentencing.

06 Counsel communicated with petitioner immediately after the court issued the order. (*See* Dkt. No.

07 1 at 14.) Though counsel did not discuss in his communication with petitioner any right to appeal,

08 the record reflects that petitioner was clearly advised of his right to appeal following his initial

09 sentencing and, in fact, did pursue an appeal of that sentence. (*See* CR04-145-JCC, Dkt. No. 130

10 at 5.) Presumably, if petitioner had wanted to pursue an appeal following the denial of his request

11 for re-sentencing, he could have contacted counsel and requested that counsel do so. Petitioner

12 apparently made no such effort.

13       Based on the foregoing, this Court concludes that petitioner has not demonstrated that

14 counsel was deficient in failing to consult with him regarding an appeal. Accordingly, petitioner's

15 first ground for relief should be denied.

16                   Ground Two: Application of Correct Standard on Remand

17       Petitioner asserts in his second ground for relief that the district court failed to apply the

18 correct standard of reasonableness on remand. Petitioner appears to complain that the court, on

19 remand, assessed the reasonableness of his original 97 month sentence in relation to the 120-month

20 mandatory minimum sentence applicable to offenses involving over one kilogram of heroin rather

21 than the 60-month mandatory minimum applicable to the offense to which he pleaded guilty.

22 Petitioner cites to the portion of the court's order which reads in its entirety as follows:

On the facts of this case, the Court finds that a sentence of 97 months is reasonable, as well as "sufficient, but not greater than necessary" to meet the dictates of § 3553. Defendant conspired to distribute over one kilogram of heroin, and his 97 month sentence is well below the 120-month mandatory minimum for conviction of such an offense. Further, during sentencing, the Court made an adjustment to Defendant's criminal history category to eliminate the disproportionate impact of a category III sentencing range. However, the Court declined to reduce Defendant's criminal history below category II, which maintained the minimum at 97 months. Upon review of the record in light of the factors set forth in § 3553, the Court finds that the sentence imposed would *not* have been materially different had the Court known at the time of Defendant's sentencing that the Sentencing Guidelines were advisory and not mandatory. . . .

(CR04-145-JCC, Dkt. No. 165 at 3-4.)

While it is true that petitioner was not convicted of conspiring to distribute over one kilogram of heroin, and therefore was not subject to the 120-month mandatory minimum referenced in the court's order, the totality of petitioner's illegal conduct was nonetheless relevant to the court's decision regarding the reasonableness of the sentence. Among the factors a court is required to consider under § 3553(a) are the nature and circumstances of the offense, the seriousness of the offense, the kinds of sentence available, and the sentencing range. The total quantity of drugs for which a defendant is responsible is undoubtedly relevant to a court's consideration of those sentencing factors. It is clear from the record that the court evaluated the reasonableness of petitioner's sentence in light of all of the relevant factors identified in § 3553(a). Petitioner demonstrates no error in the standard applied by the court. Accordingly, petitioner's second ground for relief should be denied.

<u>Ground Three: Denial of Right to Appeal</u>

Petitioner's asserts in his final ground for relief that he was denied his right to appeal when the court failed to advise him of his right to appeal the decision denying his request for

resentencing. Rule 32(j)(1)(B) of the Federal Rules of Criminal Procedure requires the court, after imposing sentence, to advise the defendant of any right to appeal the sentence. However, that rule likely does not apply in these circumstances. As the Ninth Circuit explained in *United States v. LeMay*, 2007 WL 4162912, *1 (9th Cir. November 13, 2007)[2]:

> Fed.R.Crim.P. 32(j)(1)(B) does not apply to the district court's determination as to whether resentencing is warranted following remand under *Ameline*, because that rule applies only after sentencing, and the *Ameline* determination on remand does not constitute "sentencing" for purposes of the rule. *See United States v. Silva*, 472 F.3d 683, 688-89 (9th Cir. 2007) (rejecting the contention that Rule 32 gives rise to a right to allocution prior to the district court's determination as to whether resentencing is warranted following remand under *Ameline*).

While it is clear that a defendant may appeal a court's determination as to whether re-sentencing is warranted following an *Ameline* remand, *see Combs*, *supra*, petitioner fails to establish that the Court is required to advise the defendant of his right to appeal. Even assuming the court had the obligation to advise petitioner of his right to appeal the order denying petitioner's request for re-sentencing, the United States Supreme Court has made clear that a district court's failure to advise a defendant of his right to appeal in a criminal case does not entitle a defendant to relief on collateral review if the defendant had independent knowledge of his right to appeal and therefore suffered no prejudice as a result of the court's omission. *See Peguero v. United States*, 526 U.S. 23 (1999). *Id.* at 27.

As noted above, petitioner was advised at his original sentencing hearing that had the right to appeal his sentence and he did, in fact, do so. Petitioner cannot reasonably argue in these

---

[2] *LeMay* was an unpublished decision by the Ninth Circuit. However, Federal Rule of Appellate Procedure 32.1 and Ninth Circuit Rule 36-3 permit its citation because the *LeMay* opinion was issued after January 1, 2007.

REPORT AND RECOMMENDATION
PAGE -9

proceedings that he did not have sufficient information to pursue an appeal of the district court's decision on remand. Accordingly, petitioner's final ground for relief should be denied.

## CONCLUSION

Based upon the foregoing, this Court recommends that petitioner's § 2255 motion be denied in its entirety as petitioner has presented no meritorious grounds for relief. A proposed order accompanies this Report and Recommendation.

DATED this <u>25th</u> day of March, 2008.

_____
Mary Alice Theiler
United States Magistrate Judge