UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| HUMBERTO LOZANO VALDOBINOS, | ) | CASE NO.   C07-0430-JCC |
| | ) | (CR04-145-JCC) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER DENYING MOTION |
| | ) | UNDER 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on Petitioner's motion for relief under 28 U.S.C. § 2255 (Dkt. No. 1), the Report and Recommendation ("R&R") of Judge Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 23), and Petitioner's Objections to the R&R (Dkt. No. 25.) The Court adopts the R&R in its entirety, writing separately here only to briefly address Petitioner's subsequent objections.

**I.   PETITIONER'S OBJECTIONS**

The record shows that this Court sentenced Petitioner at the very bottom of the applicable guideline range after reducing his criminal history category from three to two. (CR04-0145-JCC

(Dkt. No. 130 at 5).) [1] On limited remand under *Ameline*, the question before the Court was whether the original 97 month sentence would have been materially different had the sentencing court known that the guidelines were advisory. After briefing from the parties, this Court concluded that the sentence would not have been materially different. (CR04-0145-JCC (Dkt. No. 165 at 3).) It is this decision, and the circumstances pertaining to a possible appeal, that give rise to the present motion for relief.

### A.   Ground One: Ineffective Assistance of Counsel

Petitioner's first ground for relief is ineffective assistance of counsel, for his attorney's failure to advise him of his right to appeal the re-sentencing order. In her R&R, Judge Theiler agreed that the record does not show Petitioner's counsel consulted with him about appealing the Court's re-sentencing order. (R&R 5 (Dkt. No. 23.) Citing *Roe v. Flores-Ortega*, however, Judge Theiler also concluded that no duty to consult existed in this case since (1) there was no reason to think a rational defendant would want to appeal for lack of non-frivolous grounds on which to do so, and (2) there was no evidence that Petitioner reasonably demonstrated an interest in filing an appeal. 528 U.S. 470, 480 (2000). Petitioner challenges both of these conclusions, arguing that there was a non-frivolous ground for appeal and that the finding that he failed to reasonably demonstrate an interest in filing an appeal was based on "[a]ssumptions and guesses." (Pet'r Obj. 2–6 (Dkt. No. 25).)

Despite Petitioner's able recitation of the governing standard under *Flores-Ortega*, he fails to clearly specify a non-frivolous basis for appeal. At one point in his objections, Petitioner

---

[1] The Court rejected Petitioner's request that his criminal history category be further reduced to level one. (*See* Dkt. No. 130 at 2–5.)

01 intimates that the basis for appeal might have been the lack of "an appropriate explanation" for "a
02 non-guidelines sentence." (Pet'r Obj. 3, 5 (Dkt. No. 25).) First, there is no reason to think the
03 Court inadequately explained its denial of the request for re-sentencing. Facing the narrow
04 question of whether its sentence would have been materially different if it had known that the
05 guidelines were advisory rather than mandatory, the Court cited the amount of heroin involved and
06 explicitly stated that the 97 month sentence was "sufficient, but not greater than necessary."
07 (CR04-0145-JCC (Dkt. No. 165 at 3).) Second, this sentence *was* within the guidelines range,
08 even for Petitioner's preferred criminal history category of one, and therefore Petitioner's claim
09 that it was a departure requiring further explanation is without merit. Accordingly, despite
10 Petitioner's objections, the Court agrees with Judge Theiler's conclusion that there was no non-
11 frivolous basis for appeal of the re-sentencing order sufficient to invoke a duty for Petitioner's
12 counsel to consult with him about a possible appeal.

13 While not necessary to its disposition, the Court also agrees that there is no evidence in
14 the record reasonably demonstrating that Petitioner evinced an interest in filing an appeal. While
15 Petitioner calls this an assumption or a guess, the R&R never purported to describe his actual,
16 contemporaneous preferences. Rather, it simply applied the standard set forth in *Flores-Ortega*,
17 focusing on how a particular defendant, under particular circumstances, demonstrates those
18 preferences to others. In sum, the Court finds that Petitioner's counsel's performance did not fall
19 below an objective standard of reasonableness, and therefore Petitioner's claim for ineffective
20 assistance of counsel fails under *Strickland v. Washington*, 466 U.S. 668, 688, 691–2 (1984).

21     **B.**    **Application of Correct Standard on Remand**

22 Petitioner also takes issue with the fact that the Court affirmed the reasonableness of his

01  97 month sentence while comparing it with the 120 month mandatory minimum for the same

02  offense when it involves over a kilogram of heroin. (Dkt. No. 165 at 3.) In the R&R, Judge Theiler

03  concluded that this was part of a legitimate consideration of the § 3553 factors, including the

04  nature and circumstances of the offense, the seriousness of the offense, the kinds of sentences

05  available, and the sentencing range. (R&R 8 (Dkt. No. 23).) In his objections, Petitioner interprets

06  this as an improper enhancement of his sentence that "distorts the intent of Congress." (Pet'r Obj.

07  7 (Dkt. No. 25).)

08      Petitioner overstates the significance of the Court's discussion of the mandatory minimum.

09  As noted in the R&R, Petitioner's plea agreement contained a provision stating:

10      Defendant's guilty plea is only to the amount delivered on March 10, 2004. However,
        defendant admits that the additional drugs specified above, and only those amounts,
11      should be included as relevant conduct for sentencing purposes.

12  (Dkt. No. 61 at 4.) It was the additional amount of drugs that the Court cited in its review of the

13  97 month sentence. By mentioning the 120 month mandatory minimum, the Court never purported

14  to be bound by that number. Rather, it simply viewed the reasonableness of the sentence in light

15  of the prevailing punishment for a crime involving the amount of drugs that Petitioner agreed

16  could be considered relevant conduct for sentencing purposes. And contrary to what appear to be

17  incorrect guideline calculations in his objections, ( *see* Pet'r Obj. 7 (Dkt. No. 25)), Petitioner

18  received a sentence at the bottom of the guidelines range for the actual crime to which he pled.

19  Accordingly, Petitioner's claim that the Court applied an incorrect standard on his motion for re-

20  sentencing is without merit.

21  **II.   CONCLUSION**

22      With the foregoing response to Petitioner's Objections, the Court hereby adopts the

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255
PAGE -4

01  Report and Recommendation of Judge Mary Alice Theiler, United States Magistrate Judge. (Dkt.
02  No. 23.) Accordingly, Petitioner's Objections (Dkt. No. 25) are DENIED, and his motion for
03  relief under 28 U.S.C. § 2255 (Dkt. No. 1) is dismissed with prejudice. The Clerk is directed to
04  send copies of this Order to Petitioner, to the United States Attorney, and to Judge Theiler.
05      SO ORDERED this 12th day of May, 2008.

John C. Coughenour
United States District Judge

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255
PAGE -5